BILL MULLINS v. THE STATE.

No. 13781.  Delivered November 26, 1930.
Rehearing denied February 4, 1931.
Reported in 34 S. W. (2d) 869.

The opinion states the case.

*Norwood & McAlester* of Greenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The sale of intoxicating liquor is the offense; penalty, confinement in the penitentiary for a period of one year.

A synopsis of the State's testimony is as follows:  Clois Barron, the alleged purchaser, was traveling in an automobile in company

with Frank Stewart and Denton Morrison. They stopped at the filling station conducted by the appellant. Stewart asked the appellant about liquor. The appellant said he did not have any but could get some or had some, the witness could not say which. In reply to his inquiry as to the amount desired, the appellant was told that the witness wanted a half gallon. Appellant said the price would be five dollars. He told the witness and his companions to drive on down the road as "it will be about fifteen or twenty minutes." They were told to return in that time, which they did. Barron then received a half gallon of liquor from the appellant for which he paid him five dollars. Stewart gave testimony in substance like that mentioned above.

Berrryman, a witness for the appellant, testified that as soon as Barron and his companions drove off down the road, the appellant came in the house and did not go out any more that evening. Mrs. Mullins, wife of the appellant, testified in substance to the same effect as Berryman.

The appellant testified in his own behalf as follows:

"I was waiting on a car when these boys came up and stopped and they called me out there and I talked to them. They wanted to know if I had any liquor and I told them I didn't have any. I told them I might get them some, or there might be a fellow there they could get some from, one or the other, I forgot which one I told them. I told them to come back in fifteen or twenty minutes and I would know whether they could get it or not. Witness being asked: 'Well, was there a fellow there,' answered, 'Yes, sir, the fellow I was waiting on when they drove up.' After that I finished waiting on that fellow and went on in the house. This fellow asked me what these boys wanted and I told him they was wanting some liquor; he wanted to know how much they wanted and I told him they wanted half a gallon. I told the boys what the price was; that fellow had been up there once or twice before. He lives in Kaufman county. I don't know just exactly where it is. He told me he lived in Kaufman county. As soon as I waited on that car I went straight on in the house. I had been picking cotton that day. I didn't go back out of the house after I went in the house that night. No, I didn't go back out there and deliver any whiskey to those boys. After I went in the house I went to bed."

On cross-examination, the appellant said:

"When they drove up they wanted to know if I had any liquor and told me how much they wanted. They said they wanted a half

a gallon and I told them it would cost them five dollars. Yes, I then told them to drive on down the road. * * * I told them to come back up there in fifteen or twenty minutes. After they drove off I went in the house and went to bed right after I finished waiting on that car. * * * I don't know the fellows I was waiting on but they were two men. I had just seen them once or twice before. * * * When I finished waiting on those two fellows they drove on up north apiece. I never paid no attention to how far they went. I didn't see them any more. I don't know where they went after they left there. * * * I went in the house and went to bed."

In charging the jury, the court submitted the defense of alibi, that is, if the appellant was at another place than at which the offense, if any, was committed, there should be an acquittal; and if the evidence raised a reasonable doubt upon that subject, there should be an acquittal. Whether the issue of alibi was raised is open to question.

By exception and a special charge the appellant complains that his defensive theory was not accurately submitted to the jury. The special charge, which was refused, is in the following language:

"If you believe from the evidence that Bill Mullins told the State's witnesses, Stewart and Barron, that they could come back and they could get some whisky later on, and if defendant, Bill Mullins, told another party at the filling station that the boys wanted some whisky and how much they wanted and this other party delivered the whisky to the State's witnesses, while Bill Mullins was not present, and the defendant did not have any interest in the sale other than helping the State's witnesses to secure some whisky, and that said witnesses did return and secure the whisky from some other party than defendant, in such event the defendant would not be guilty of the sale of intoxicating liquors, and you should acquit the defendant."

Apparently there was no affirmative defensive theory. The evidence introduced by the appellant is in effect a denial of his identity as the seller. He was at the place where the sale took place, and the controverted issue is, did he or another make the sale? The special charge which he requested is quite involved in its verbiage. The evidence recited there, if true, is in no sense conclusive that the accused was not interested in the sale. The charge was susceptible of the construction by the jury that if the transaction occurred as shown by the part of the charge which is italicized, in the opinion of the court, it followed that the appellant was not a party

to the sale. In that sense, the charge is on the weight of the evidence, and its refusal is not regarded as error.

The judgment is affirmed.

*Affirmed.*

HAWKINS, J., absent.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The single bill of exception appearing in the record has again been considered, and in the light of the facts we find ourselves unable to arrive at any other conclusion save that it complained of the refusal of a special charge which is not only on the weight of the evidence, but is not an apt presentation of any law applicable to the defense made by the testimony. There seems no question but that the claim of appellant was that he was not present at the time and place when the sale was made. He so testified as did a young man staying at his home. The State witnesses testified to the contrary. The trial court correctly submitted the law applicable to the defense of alibi.

Being unable to agree with the contention made by the appellant, his motion for rehearing will be overruled.

*Overruled.*